[Civ. No. 9332. First Appellate District, Division Two.—June 5, 1934.]

JOSEPH TILLANDY et al., Respondents, v. TITLE GUARANTY & TRUST COMPANY (a Corporation) et al., Appellants.

THE FIRST NATIONAL BANCORPORATION, LTD. (a Corporation), Appellant, v. JOSEPH TILLANDY et al., Respondents.

Andrew J. Copp, Jr., for Appellants.

Brooks Gifford and Wm. E. Fox for Respondents.

STURTEVANT, J.—On August 16, 1930, B. P. Hargrave, as party of the first part, and Joseph Tillandy and wife, as parties of the second part, entered into an executory contract having for its object the operation of certain oil wells. As part of the same transaction Mr. and Mrs. Tillandy executed their promissory note in the sum of $12,500 payable to Mr. Hargrave. By the terms of the note, $1,000 became due and payable on September 25, 1930. To secure that note they executed a deed of trust naming Title Guarantee & Trust Company as trustee. At the same time they agreed to open an escrow with the Citizens State

Bank of Long Beach and that the note and trust deed would be deposited with the Citizens State Bank, together with written instructions. Mr. and Mrs. Tillandy delivered their papers into the hands of Mr. Hargrave, who promised to deliver the same into the hands of Citizens State Bank of Long Beach. As soon as the bank received the trust deed it forwarded the same to the recorder and it was thereafter recorded. On October 14, 1930, Mr. Hargrave sold the note and trust deed to First National Bancorporation. After the Bancorporation purchased the note it made a demand for payment and the note not being paid it commenced proceedings to foreclose the trust deed. Thereupon, Mr. and Mrs. Tillandy commenced an action in rescission and for cancellation of the note and trust deed. The First National Bancorporation appeared and answered. It also commenced another action in which it inserted two counts. In one it sought to recover the deficiency after the sale of the property covered by the trust deed. In the other count it sought to recover directly on the promissory note. In the latter action Mr. and Mrs. Tillandy appeared and answered. Mr. Hargrave answered and filed a cross-complaint. His cross-complaint was answered by both banks and by Mr. and Mrs. Tillandy. For the purposes of trial and appeal both actions were consolidated. Thereafter the trial court made findings in favor of Mr. and Mrs. Tillandy and against the First National Bancorporation. It also made findings against Mr. Hargrave. From the judgment entered thereon no appeal was taken by Mr. Hargrave. However, the First National Bancorporation appealed from the judgment, and from the order denying it a new trial, and also from an order refusing to strike from the files certain affidavits. Other facts will be stated in the appropriate place as we proceed. For the purposes of this opinion Mr. and Mrs. Tillandy will be referred to as plaintiffs and the First National Bancorporation will be referred to as defendant.

The court found that while the defendant First National Bancorporation and the defendant Bancorporation of the United States are separate entities, they are associated in the same offices and managed by the same officers, the Kronick brothers. It also found that the note and trust deed were obtained by the fraudulent representations of

B. P. Hargrave; that the plaintiffs received no consideration; that with knowledge of all these facts Banccorporation of the United States, one of the defendants, made a loan on the security of said document and, after the maturity of the note, First National Bancorporation, the other defendant, purchased said documents from B. P. Hargrave for $1500 in cash, $1775 the amount of said loan, and $500 as the value of an equity in a certain lot located in Los Angeles; that at the time said loan was made both the lender and the subsequent purchaser knew said note and trust deed were held in an escrow by the Citizens State Bank of Long Beach and knew the terms of said escrow; that until November 20, 1930, the plaintiffs were at all times acting under the belief and the representations of B. P. Hargrave that their note and trust deed were in the escrow opened with the Citizens State Bank of Long Beach and that both the mortgagors' statement and the offset statement were required by said escrow-holder; and the plaintiffs did not know that, contrary to the terms of the escrow instructions, their note and trust deed were being pledged, sold or delivered to any person.

■ In its first point the defendant contends that many of the findings are not supported by the evidence and enumerates specifically the findings attacked. However, it frankly states that most of the findings complained of were to the effect that the defendant had notice of the fact that Hargrave obtained the note and deed of trust from plaintiffs by fraud and without consideration. Continuing, the defendant earnestly contends that the evidence does not support those findings but was contrary thereto. The contention has not a particle of merit in this particular case. In the first place, Mr. Howard Kronick, as the officer of the defendant corporation, took the stand and gave the evidence in its behalf. As one reads the cold print it is apparent that on very material subjects his evidence does not give the impression of veracity. In deciding the case the trial judge prepared a written opinion. In that document he makes it very clear that he did not believe the witness. On the other hand, the plaintiffs gave testimony which was apparently candid. Furthermore, they called to the stand Mr. Hargrave. In very short he seemed inclined to tell the facts just as they had happened and seemed

desirous of making reparation for the injuries he had caused. Under these circumstances there is an abundance of evidence in the record which, if the trial court believed it and from its findings we must assume that it did, gave entire support to the findings complained of.

■ Further complaining of the findings, the defendant specifies those that were to the effect that it did not rely upon the owners' offset statement and the mortgagors' statement. What we have just said regarding the evidence is also applicable to this contention. However, there are these additional facts. Soon after the plaintiffs had executed the note and trust deed above mentioned, Mr. Hargrave commenced his endeavors to sell the same. He applied to Mr. Stone for assistance. Mr. Stone asked for a mortgagors' statement. Mr. Hargrave sent his agent to the Tillandys and they executed a statement which was delivered to Mr. Hargrave. Later, when Mr. Hargrave was attempting to sell the note and trust deed to this defendant he called at its office and held conversations with Harry B. Kronick and Howard H. Kronick, its officers. Mr. Hargrave testified that they inquired into all the facts regarding the transaction. He testified in effect that he informed them of the contents of the escrow agreement with the Citizens State Bank of Long Beach and of the executory agreement hereinabove mentioned. He also testified that he told them the note and trust deed were then in the escrow with the Citizens State Bank of Long Beach. While carrying on those conversations the defendant asked for an owners' offset statement. One of the officers produced a blank, wrote the last paragraph, and handed it to Mr. Hargrave. Other blanks were not filled at all. In that form Mr. Hargrave took the document to Mr. and Mrs. Tillandy, who signed it and swore to it before a notary public. Thereafter he took it back to the defendant and Mr. Kronick did the directing and Mr. Hargrave did the writing and the blanks were filled in. We have italicized the items so inserted in the blank. When the document was presented in court, excepting the italics, it was as follows:

"Gentlemen: .

"In compliance with your request will say that I am the owner of the property covered by a Trust Deed executed by *Joseph Tillandy & Anna Tillandy* recorded in Book *1101,*

*Page 367* of *Off.* Records Records of *Fresno* County, and covering *Lots 15, 16, 17, 19 Blk 14. Coalinga Fresno Co. California.* and securing note for *$12500.* executed by *Joseph & Anna Tillandy* in favor of *B. P. Hargrave* dated *Aug. 16–30.*

"That the unpaid balance of the note secured by said Trust Deed is *$12500.*

"That the interest on said note has been paid to—

"That the rate of interest is 7% per annum;

"That the makers of the note secured by said Trust received full and valid consideration therefor, and said Trust Deed and note secured thereby are valid.

"That No part of the principal or interest has been paid except as herein stated;

"That I have no offsets, claims, or defenses against said note except as stated above.

"I understand that the said note and Trust Deed is being assigned and that the assignee's name and address is *Banccorporation of U. S.*

"I make this statement for the benefit and protection of the Bank, and *Banccorporation of U. S.*, said assignee, with the understanding that you both are relying herein in the purchase and assignment of the said note and Mortgage

"Trust Deed—We hereby affidavit that the names Joseph Tillandy & Anna Tillandy, mentioned in C. T. No. 112073 is are the same persons as the undersigned.

"(Signed)  JOSEPH TILANDY
"(Signed)  ANNA TILANDY

"Signed and sworn to before me this 12th day of Sept., 1930.

"(Signed)  EMMA L. EVEREST.

"Notary Public in and for Los Angeles County, State of California (Seal)  (Notary Acknowledgment.)"

Under these circumstances we think it is clear it cannot be said that the finding complained of was not supported by the evidence.

▮ In its next point the defendant asserts that the plaintiffs are estopped from claiming that the note in question was obtained from them by fraud and without consideration. It sets forth both the mortgagors' statement and the offset statement and claims that it relied thereon. But,

as we have just shown, the trial court made a finding that defendant did not rely on the contents of either statement. There was evidence that the defendant was not ignorant of, but was fully informed of the true facts. Furthermore, the plaintiffs introduced evidence to the effect that at all times down to November 20, 1930, they believed their note. and trust deed were held in the escrow by Citizens State Bank and that both statements signed by them were to be delivered to that bank. Such a set of facts do not constitute an estopp'el. (10 Cal. Jur. 627.)

In slightly different methods of claiming an estoppel, the defendant asserts that one who permits an instrument acknowledging the priority of a lien to be recorded is thereafter precluded from contradicting it as against innocent purchasers for value. Conceding the soundness of the point it has no application to the facts of this case as the court found that the defendant was not an innocent purchaser but that it purchased with knowledge of all the facts.

That reply is equally applicable to the contention that where the true owner holds out another as having power to dispose of the owner's property and innocent parties are thus led into dealing with such apparent agent, such innocent parties will be protected. Furthermore, it is difficult to understand how this defendant can claim to be an innocent purchaser. After being informed of the infirmities in the title of B. P. Hargrave to the note and trust deed and that they were deposited with the Citizens State Bank, in escrow, it telephoned to that bank to bring those documents to Los Angeles and there defendant purchased them.

In its answer the defendant pleaded the execution of the mortgagors' statement and the offset statement. That answer was filed May 8, 1931. About seven months later, and after the conclusion of the trial, the court permitted and the plaintiffs filed affidavits denying the genuineness and due execution of those documents. The defendant moved to strike out the affidavits. The motion was denied. From the order denying the motion a separate appeal was taken. We see no reversible error in the order. During the trial, without objection the genuineness and due execution of said documents were the subject of many folios of testimony. After the trial had been completed, under the

facts of this record, it was an idle act to file the affidavits and the order refusing to strike them could not prejudice this defendant.

■ In what we have just said about the belated order, we have assumed that it was error. However, we think that certain facts show it was not. In its supplemental argument the defendant asked permission to amend its pleadings. During other portions of the argument a point had been made that no affidavit had been filed denying the genuineness and due execution of the said written statements. As a part of its written opinion rendered in deciding the actions, the trial court gave the defendant permission to amend as requested and as a part of that order and in effect as a condition therein, it gave permission to the plaintiffs to file the affidavits. The court did not err. (21 Cal. Jur. 191.) Furthermore, the order last named was in the nature of allowing amendments to conform to the proof and under that theory it was also permissible. (Code Civ. Proc., sec. 470.)

■ In its reply brief the defendant asserts that in any event it is entitled to the rights which Banccorporation of United States had. The point was not made in the opening brief and for that reason it may not be sustained. It was not pleaded and was not put in issue by the pleadings and for that additional reason it may not be sustained. Finally, on the facts the same conclusion must be reached. In one office the business of several banks is conducted. Kronick brothers are managing officers of all of those banks. When B. P. Hargrave applied for a loan tendering the note as security, the Kronick brothers, acting for Banccorporation of United States, one of said banks, made the loan. When Hargrave offered to sell the note his offer was taken up by Kronick brothers as officers of this defendant, the First National Bancorporation. The loan was applied for September 4, 1930. It was finally granted September 15, 1930. In the meantime Kronick brothers had been informed of all the facts and the Citizens State Bank had been induced to transfer the note and trust deed to Security Title Insurance and Trust Company of Los Angeles with whom an escrow was opened for the purpose of making the loan. Such facts in no way prevent the Tillandys from

proving the true facts as against the claims of the pledgee (Civ. Code, sec. 2991) and this defendant as its transferee.

We find no error in the record. The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.